UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IMAFLEX, INC. d/b/a CANSLIT,

    Plaintiff,

v.                                                                Case No: 8:21-cv-1341-KKM-CPT

CUTRALE FARMS, INC.,

    Defendant.
_____

## ORDER

In this claim regarding purchase orders for agricultural films, Defendant Cutrale Farms, Inc. moves to dismiss Counts I and IV of Plaintiff Imaflex's Complaint. (Doc. 18.) Imaflex brings claims for breach of contract (Count I), account stated (Count II), open account (Count III), and quantum meruit (Count IV) based on allegations that Cutrale failed to pay invoices for delivered goods. (Doc. 2.)

Cutrale first argues that Counts I and IV fail to state plausible claims for relief because they are internally inconsistent. (Doc. 18 at 4–5.) But Imaflex is entitled to plead separate claims of relief in the alternative, even if they are inconsistent. *See* Fed. R. Civ. P. 8(d)(2) ("A party may state as many claims or defenses as it has, regardless of consistency."); *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273–74 (11th Cir. 2009) (concluding

complaint was not subject to dismissal where allegations were inconsistent even where both theories of liability could not simultaneously be valid). Thus, this argument is not persuasive.

      Cutrale also argues that Imaflex fails to state a plausible claim for relief for quantum meruit in Count IV because it incorporated paragraph 9[1] of the Complaint, which alleges that a binding contract exists between the parties. (Doc. 18 at 5.) Quantum meruit is a legal doctrine that imposes liability in the *absence* of a valid contract. *See Ocean Commc'ns, Inc. v. Bubeck*, 956 So. 2d 1222, 1225 (Fla. 4th DCA 2007). "[A] plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists." *Id.* While Imaflex is entitled to plead quantum meruit in the alternative, the fact that Count IV contains an allegation (by incorporation) of the existence of a contract makes its claim untenable as a matter of law. *Fong Kai Bus. Grp. Co. v. Shade Saver, Inc.*, 2019 WL 12304381, at *6 & n.8 (M.D. Fla. Feb. 8, 2019) (Moody, J.) ("The practice of reincorporating all factual allegations into every count usually does not result in a pleading defect warranting a claim's dismissal, but the practice has that effect in this case."). If Imaflex wishes to remedy this defect, it need only be more selective in its incorporation of general allegations.

---

[1] Cutrale incorrectly references paragraph 10 of the Complaint in its motion. (Doc. 18 ¶ 10.)

Accordingly, Cutrale's Motion to Dismiss (Doc. 18) is **GRANTED in part** and **DENIED in part**. Count IV is dismissed. Imaflex may file an amended complaint no later than **September 16, 2021**.

ORDERED in Tampa, Florida, on September 2, 2021.

Kathryn Kimball Mizelle
United States District Judge